UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICKI STINNETTE, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-03854 |
| | § | |
| MEDTRONIC INC., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendant Medtronic, Inc.'s ("Medtronic's") motion to dismiss or, in the alternative, sever. Dkt. 12. On review of the motion, the response, the reply, and the applicable law, the motion is GRANTED. The claims of plaintiffs Genie Brazzeal, Carrie Pack and Austin Pack, Samuel Eismont, and Angela Miller are DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**

Plaintiffs Vicki Stinnette, Genie Brazzeal, Carrie Pack, Samuel Eismont, and Angela Miller are all diabetics who were prescribed a "MiniMed" insulin pump as well as a "Paradigm Quick-Set Infusion" set by their respective doctors.[1] Dkt. 1 at 4. Medtronic manufactured, marketed, and distributed the MiniMed insulin pumps and Paradigm Quick-Set Infusion sets that were prescribed to the plaintiffs. *Id.* While using the MiniMed insulin pumps and the Paradigm Quick-Sets Infusion sets, each of the plaintiffs "failed to receive the correct dose of insulin to manage" his or her diabetic condition. *Id.* at 7–9. In each case, the plaintiff was hospitalized as a result. *Id.*

---

[1]Plaintiff Austin Pack is Carrie Pack's husband and brings his own claims for her injuries.

Several models of the Paradigm-Quick Set Infusion sets were recalled by Medtronic on June 29, 2009.[2] *Id.* at 6. The recalled models were manufactured and distributed between December 1, 2007 and June 18, 2009. *Id.* It is unclear, however, from the face of the complaint whether the plaintiffs' allegedly defective infusion sets were part of the June 2009 recall.[3]

The plaintiffs bring this suit against Medtronic for claims of strict liability, breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, and negligence. Medtronic moves this court to dismiss all plaintiffs except Vicki Stinnette, or in the alternative, sever the claims because the plaintiffs do not meet the test for permissive joinder. Dkt. 12 at 3.

## ANALYSIS

Federal Rule of Civil Procedure 20(a) governs permissive joinder. FED. R. CIV. P. 20(a). A plaintiff may be joined to an action if "[plaintiffs] assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences. [And] any question of law or fact common to all plaintiffs will arise in the action." *Id.* The burden rests with the plaintiffs to show proper joinder *Id.*; *see also In re Norplant Contraceptive Prods. Liab. Litig.*, 168 F.R.D. 579, 581 (E.D. Tex. 1996). The Fifth Circuit has not endorsed a single test to determine when claims arise from the "same transaction or occurrence." *See Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (citing *Mosley v. General Motors Corp.,* 497 F. 2d. 1330, 1332–33 (8th Cir 1974)). Many courts, however, have determined that all "logically related" events

---

[2] The recalled models were MMT-396, MMT-397, MMT-398, and MMT-399.

[3] Plaintiffs do state in their complaint that the "Paradigm Quick-Set infusion sets used by Plaintiffs included sets with model numbers MMT-396, MMT-397, MMT-398, and MMT-399" but it is unclear if these were the only models used by the plaintiffs. *See* Dkt. 1 at 7. It is also unclear which model each plaintiff was using at the time of his or her injury because the infusion sets are typically replaced in patients every three days. Dkt. 12 at 2.

"generally are regarded as comprising a transaction or occurrence." *Mosley*, 497 F.2d at 1333; *see also Kosadnar v. Metro. Life Ins. Co. (In re Kosadnar)*, 157 F.3d 1011, 1015 (5th Cir. 1998) (stating courts should consider whether the equities of the case would be served by joinder). If the court finds the parties are not properly joined, it has broad discretion to dismiss or sever claims "at any stage of the action and on such terms as are just." *See* FED. R. CIV. P. 21; *Lampliter Dinner Theater, Inc. v. Liberty Mutual*, 792 F.2d 1036, 1045 (11th Cir.1986) ( "Dropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court.").

*1.     Same Transaction or Occurrence*

Medtronic argues that the plaintiffs fail to meet the transactional test for permissive joinder. Dkt. 12 at 3. Plaintiffs were prescribed potentially different models of the MiniMed insulin pumps and Paradigm Quick-Set Infusion sets by different doctors, in different states, at different times. *Id.* at 4. Additionally, each plaintiff suffered from a different complication as a result of the defective product or products, these complications occurred at different times, and the plaintiffs were treated by different doctors and hospitals. *Id.* Moreover, as this suit is before the court on diversity grounds, each plaintiff brings claims that are governed by their respective state laws. *Id.* at 16. Plaintiffs, however, contend that their claims do arise from the same transaction or occurrence: each plaintiff was prescribed a MiniMed insulin pump and Paradigm Quick-Set Infusion set, and one or both of the products malfunctioned and caused the person serious injury. Dkt. 17 at 3.

Both parties cite case law that supports their respective positions. *See* Dkts. 12, 17. On balance, however, the great weight of the case law seems to support the defendant. A multitude of cases around the country have held that plaintiffs were not properly joined when the only common link among them was a defective drug or medical device. *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 145–46 (S.D.N.Y. 2001) ("The plaintiffs . . . allege a defect (or defects) the

3

precise contours of which are unknown and which may have caused different results—not merely different injuries—in patients depending on such variables as exposure to the drug, the patient's physical state at the time of taking the drug, and a host of other known and unknown factors that must be considered at trial with respect to each individual plaintiff."); *Graziose v. American Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001) ("The only concrete similarity among the various Plaintiffs are that they (or their spouse) took a medicine containing PPA . . . and they allegedly suffered an injury. This is insufficient to justify joinder. . . ."). Additionally, the one case plaintiffs cite within the Fifth Circuit that addresses permissive joinder in the context of a defective drug or medical device, *In re Norplant*, is distinguishable. 168 F.R.D. at 579. The plaintiffs alleged in *In re Norplant* that the manufacturer had failed to adequately warn of the product's risks and severity of the side effects in its nationwide promotional materials. *Id.* at 581. In the present case, however, the plaintiffs allege not only a failure to warn, but also design and manufacturing defects, among other claims, and that these defects proximately caused their injuries. Dkt. 1 at 10–12. If the plaintiffs were prescribed different models of Medtronic's devices, and the court must assume that is so since no specific model numbers used at the time of injury are given to the court, and these different models each malfunctioned in some way, then the inquiry necessarily focuses on different transactions or occurrences. The plaintiffs, therefore, have failed to show that their claims are properly joined.

Moreover, even if the plaintiffs' claims arose under the same transaction or occurrence, it would still be prudent to separate each of the claims simply because there are potentially four different states' laws involved. While the plaintiffs point out that each state—Texas, Georgia, North Carolina, and Missouri—has adopted the corresponding Uniform Commercial Code (UCC) section for several of the claims, each state still may have its own interpretation of these UCC sections.

4

Furthermore, not all of the plaintiffs' claims are rooted in the UCC, e.g., negligence. For these reasons, the plaintiffs' claims will not be permitted to proceed together as one case.

*2.    Dismiss or Sever the Claims*

As a remedy to the misjoinder, Medtronic asks the court to dismiss the claims of each plaintiff with the exception of the first named plaintiff, Vicki Stinnette. Dkt. 12 at 8. In their response, plaintiffs do not raise any reason that the claims cannot be dismissed and re-filed in an appropriate venue. Therefore, the plaintiffs' claims, with the exception of Vicki Stinnette's, are dismissed with leave to re-file in an appropriate forum.

## CONCLUSION

For the reasons stated above, the plaintiffs' claims do not meet the test for permissive joinder. Therefore, the court GRANTS the defendant's motion to dismiss, or in the alternative, sever. The claims of plaintiffs Genie Brazzeal, Carrie Pack and Austin Pack, Samuel Eismont, and Angela Miller are DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas, on March 3, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY